**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| In re: | Case No. 8:09-bk-00816-KRM |
| | Chapter 7 |
| Angela Holly Burdett, | |
|     Debtor. | |
| _____/ | |
| V. John Brook, | Adv. No. 8:09-ap-00390-KRM |
|     Plaintiff, | |
| v. | |
| JP Morgan Chase Bank, N.A., et. al, | |
|     Defendants. | |
| _____/ | |

**MEMORANDUM OPINION AND ORDER GRANTING**
**IN PART THE PLAINTIFF'S MOTION TO AWARD ATTORNEYS' FEES**

This proceeding came on for hearing on January 29, 2013, on the Plaintiff's Third Amended Motion to Award Attorneys' Fees[1] ("**the Motion**") and the Defendants' response in opposition.[2] The Court heard arguments and expert testimony from both sides, and then took the Motion under advisement. For the reasons set forth below, the Court will grant the Motion in part, and award $57,371.00 in attorneys' fees and $1,843.41 in costs to the Plaintiff.

*Background*

The Plaintiff, who is Ms. Burdett's Chapter 7 Trustee, initiated this adversary proceeding on June 15, 2009. He alleged that the Defendants ("Chase") engaged in harassment of Ms. Burdett while trying to collect $19,357.50 of debts, conduct which is prohibited by Florida

---

[1] Doc. No. 96.
[2] Doc. No. 100.

Statute § 559.55 *et seq.*, of the Florida Consumer Collection Practices Act ("FCCPA"). Specifically, the complaint alleged three FCCPA violations: (1) harassment or abusive conduct against the Debtor, (2) contact with the debtor after being informed that she had retained an attorney, and (3) claiming, attempting or threatening to enforce a debt that is not legitimate.[3] Chase answered and raised, as an additional defense, the right to set off any FCCPA award against its pre-petition claim of $19,357.50.[4]

At trial, Plaintiff prevailed on his first two allegations, resulting in an award of $1,000.00 in statutory damages, plus reasonable costs and attorneys' fees. Chase prevailed on the third allegation and its setoff defense, which negated any recovery by the trustee. This Court retained jurisdiction to decide the amount of fees and costs due to the Plaintiff.[5]

Plaintiff subsequently requested an award of attorneys' fees of $68,656.00 and costs of $1,843.41, pursuant to Federal Rule of Bankruptcy Procedure 7054.[6] Since then, Plaintiff has amended his motion several times to reflect additional fees incurred while litigating the amount of the fee award.[7] The instant motion requested an additional $20,772.00 arising from the fees litigation itself. At the final evidentiary hearing both sides presented argument and expert testimony.

The Court has considered three issues raised by the parties. First, whether the Plaintiff is the "prevailing" party, where he succeeded on two of his three claims, but failed in opposing Chase's setoff defense. Second, whether the amount of attorneys' fees requested by the Plaintiff is reasonable. Third, whether the Plaintiff may recover fees incurred while litigating for fees in

---

[3] Doc. No. 1; Doc. No. 50.
[4] Doc. No. 6. *See also* Claim No. 2.
[5] Doc. No. 61.
[6] Doc. No. 69.
[7] Doc. No. 76; Doc. No. 80; Doc. No. 96; Doc. No. 101 (correcting a calculation error).

this proceeding.  Plaintiff bears the burden of establishing that he is entitled to recover fees and costs, and that the amount he requested is reasonable.[8]

*Analysis*

I. <u>The Prevailing Party</u>

Chase argues that the Plaintiff did not "prevail" in this proceeding because he failed to succeed on one of his three claims and on the setoff issue.  According to Chase, Plaintiff may not recover his costs and fees.  Chase cites *Moritz v. Hoyt Enterprises, Inc.*,[9] for the principle that "a prevailing party is one that 'prevail[s] on the significant issues in the litigation.'"[10]

The Florida Supreme Court has ruled however, that *Moritz* does not apply when the provision authorizing recovery of fees is "a one-way street" for reasons of public policy.[11]  The FCCPA is such a statute.  It provides that only the plaintiff may recover costs and fees, to encourage consumers to bring these suits.[12]

The fee-authorizing provision of the FCCPA states, "[a]ny person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000.00, together with court costs and reasonable attorney's fees incurred by the plaintiff."[13]  On its face, the FCCPA contains no overall prevailing party requirement.  This Court will not apply a prevailing party requirement where the statute does not.  The Court has previously determined that Chase violated Section 559.72 of the Florida

---

[8] *Hensley v. Eckerhart*, 461 U.S. 424, 433-37, 103 S. Ct. 1933, 1939-41 (1983).
[9] *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807 (Fla. 1992).
[10] *Moeller v. Cassedy*, 364 F. Supp. 2d 1340, 1344 (N.D. Fla. 2005) (quoting *Moritz*, 604 So. at 810).
[11] *Danis Indus. Corp. v. Ground Improvement Techniques, Inc.*, 645 So. 2d 420, 421 (Fla. 1994).  *See also Black Diamond Props., Inc. v. Haines*, 36 So. 3d 819, 822 (Fla. 5th DCA 2010).
[12] Fla. Stat. § 559.77(2) (2014).  A clear public policy underlies the fee-shifting provisions of the FCCPA: to "ensure that lawyers will represent individuals with valid claims, despite a limited amount of potential damages."  *In re Jones*, 494 B.R. 569, 574 (Bankr. M.D. Fla. 2013) (Williamson, J.).
[13] Fla. Stat. § 559.77(2) (2014).

Statutes and awarded statutory damages. With that, the Plaintiff has satisfied the prerequisites to recovery of fees as provided by Section 559.77(2).

II. Reasonableness of the Amount Requested

Chase argues that the fees requested are not "reasonable" because: (1) the number of hours spent was excessive for a relatively simple case; (2) the Plaintiff's attorneys billed for duplicative services; and (3) time entries were block-billed. Chase argues, citing its expert, that instead of $68,000.00 requested for the harassment litigation, the fee award should not exceed $22,900.00 (by allowing a reduced number of hours, from 248.10 hours to 105, then applying a blended hourly rate of $218.57).[14] Chase dispute entitlement to any fees-for-fees. Additionally, Chase makes much of the disparity between the $1,000 in statutory damages awarded and the total of $89,428.00 in fees and costs requested. Chase also argues that because the statutory damages award was set off against the Defendants' much larger claim, the Plaintiff achieved no actual recovery or benefit for the estate.

Florida courts accept the federal lodestar approach as the starting point for determining a reasonable fee award.[15] To determine the lodestar—a presumptively reasonable amount—courts "multiply the attorney's reasonable hourly rate by the number of hours reasonably expended."[16] When deciding if the rate and hours requested are reasonable, Florida courts take a number of

---

[14] Chase's expert, Tampa attorney Ed Whitson, testified that because the case was not complex in nature, there was a large amount of time spent learning, and because there was duplication of time spent on work performed by two attorneys, the number of reasonable hours should be reduced to 105 (30 hours allocated to Mr. Wilcox at a rate of $275.00/hr., 45 hours allocated to Mr. Cintrone at a rate of $200.00/hr., and, 30 hours allocated to work performed by paralegals at a rate of $90.00/hr.). Conversely, Plaintiff's expert, Mr. Hans Christian Beyer, testified (largely through his declaration at Doc. No. 78) that the rates of Plaintiff's attorneys are reasonable and that the hours spent on work performed are also reasonable.

[15] *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985), *modified by Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990).

[16] *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 879 (11th Cir. 1990)(citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983)).

factors into consideration. Which factors the court will consider depends on the legislative or judicial purpose of the fee-authorizing provision.

The Florida Supreme Court has grouped these cases into three categories based on legislative or judicial purpose, and set forth the factors that will apply in each category.[17] Cases arising under the FCCPA fall into the category of "public policy enforcement cases,"[18] in which "the primary purpose of [the] fee-authorizing statut[e] is to encourage individual citizens to bring civil actions that enforce statutory policy."[19] The Florida Supreme Court has determined the reasonableness of fee awards by applying the factors set forth in *Johnson v. Georgia Highway Express*, but cautioning against overemphasis of the eighth *Johnson* factor—the amount of statutory damages recovered—in public policy enforcement cases.[20]

The arguments now before the Court speak predominantly to the first, second, third, and eighth *Johnson* factors. As to the first and third *Johnson* factors, the Court agrees with Chase that this was not a factually complex proceeding, and that the scope and volume of discovery were limited. The Court also agrees with Chase's expert that the Plaintiff's attorneys did not make adequate use of paralegals and legal secretaries, and that some duplication of effort did occur among the Plaintiff's attorneys. The Plaintiff admitted as much in a limited fashion.[21]

---

[17] *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 833-36 (Fla. 1990).
[18] *R. Martin Salzgeber, D.D.S., P.A. v. Kelly*, 826 So. 2d 366, 367 (Fla. 2d DCA 2002). *See also Dish Network Serv. L.L.C. v. Myers*, 87 So. 3d 72, 77-78 (Fla. 2d DCA 2012).
[19] *Quanstrom*, 555 So. 2d at 833.
[20] *Johnson v. Ga. Highway Exp., Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974), *modified in part by Blanchard v. Bergeron*, 489 U.S. 87, 92, 109 S. Ct. 939, 944 (1989)) (The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.); *see Quanstrom*, 555 So. 2d at 834 ("…the amount of damages recovered is not the controlling factor.")
[21] Doc. No. 79.

The Court is persuaded, however, that the set off defense presented a novel issue of law, which did require additional effort by the Plaintiff's attorneys. In another FCCPA case, *Brook v. Chase Bank USA, N.A.*, the Eleventh Circuit found that another bankruptcy court did not abuse its discretion when it *refused* to allow a creditor to set off the FCCPA award against the credit card debt owed by the debtor.[22] The Eleventh Circuit held that the right to set off is not absolute and bankruptcy courts have discretion to determine whether to allow it.[23]

As to the eighth *Johnson* factor, Chase argued that the significant disparity between the statutory damages award and the fees requested warrant a substantial reduction. But, the Fifth District Court of Appeal considered this same argument in a case under the Florida Deceptive Trade Practices Act, concluding that "[t]his view should be completely rejected" as contrary to the public policy underlying the fee-authorizing provisions.[24] The Supreme Court of Florida cited that opinion with approval, and further warned lower courts that the amount of recovery is only one factor to consider in deciding the reasonableness of fees in a public policy enforcement case.[25] While a significant disparity might call for an adjustment of fees in an FCCPA case, the important public policy of incentivizing enforcement of the statute should not be discouraged by denial of an award for counsel's legitimate effort.[26] In this proceeding, the Court declines to limit Plaintiff's fee award solely because of the relatively small amount of statutory damages awarded.

---

[22] 2014 WL 1910842, at *2 (11th Cir. May 14, 2014). The bankruptcy judges of this district are currently split on whether or not to set off FCCPA damages against a pre-petition claim. The Eleventh Circuit Court of Appeals recently reviewed a contrary decision by Bankruptcy Judge McEwen, and held that "whether to allow set off is a decision that lies within the sound discretion of the bankruptcy court."
[23] *Id.*
[24] *Quanstrom*, 555 So. 2d at 833 (quoting *LaFerney v. Scott Smith Oldsmobile, Inc.*, 410 So. 2d 534, 536 (Fla. 5th DCA 1982)).
[25] *Id.*
[26] *See In re Jones*, 494 B.R. 569, 574 (Bankr. M.D. Fla. 2013) (Williamson, J.).

After due consideration of all the *Johnson* factors, this Court concludes that the number of hours claimed by the Plaintiff is excessive, principally due to duplication and "learning curve" time. To arrive at a reasonable number of hours, the Court may employ one of two methods: item-by-item or across-the-board reduction.[27] In this case, the Court will reduce the hours billed by the Plaintiff's attorneys by a 25% across-the-board reduction. After weighing the testimony of both experts and considering the factors above, the Court determines that the appropriate blended hourly rate should be $225.00. The lodestar figure is the reduced number of hours (186.10) multiplied by the blended hourly rate ($225.00), or $41,872.50. The Court further concludes that the circumstances of this case do not compel any further adjustment to the lodestar.[28]

III. Recovery of Fees-For-Fees

In addition to fees for litigating the substance of the FCCPA claims, Plaintiff's counsel requests an award for the time spent litigating the fee award, also known as "fees-for-fees." The Court's final order in this proceeding decided the issue of entitlement to fees in Plaintiff's favor. Paragraph 2 of the Court's order reads: "Statutory damages are awarded to the Trustee in the amount of $1,000.00 *together with reasonable attorneys' fees and costs*. The Court reserves jurisdiction to determine the *amount* of attorneys' fees and costs by separate hearing."[29]

---

[27] *Bivins v. Wrap it Up, Inc.,* 548 F.3d 1348, 1351-52 (11th Cir. 2008) (finding that the district court's application of both an hour-by-hour analysis *and* an across-the-board reduction of requested compensable hours constituted an abuse of discretion because the Eleventh circuit's precedent states that the district court is to apply either method, not both).

[28] *See Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 880 (11th Cir. 1990) ("Lodestar rates may be enhanced based on risk of non-recovery, excellent or exceptional results, or delay in receipt of payment."). *See also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988), *modified by Gray ex rel. Alexander v. Bostic,* 613 F.3d 1035 (11th Cir. 2010).

[29] Doc. No. 61 (emphasis added).

7

Chase opposes any award of fees incurred after the date of the Court's December 28, 2010 order, relying on *State Farm Fire & Casualty Co. v. Palma*.[30] In that case, which did not involve the FCCPA, the Florida Supreme Court denied attorney's fees incurred while litigating the amount of fees because such an award "inures solely to the attorney's benefit."[31] The decision is based on two considerations: (1) the purpose of the underlying statute and (2) the plain language of the underlying statute. No Florida court has ruled directly on the applicability of *Palma* to an FCCPA case.[32]

But, how can *Palma* govern in this matter? The FCCPA seeks to protect Florida consumers from illegal or proscribed conduct by creditors and debt collectors.[33] A mandatory fee-authorizing provision is included in the FCCPA to encourage private attorneys to bring FCCPA claims.[34] The fee-authorizing provision is meant to "ensure that lawyers will represent individuals with valid claims, despite a limited amount of potential damages."[35]

The FCCPA plainly provides for recovery of "court costs and reasonable attorney's fees incurred by the plaintiff."[36] Courts have long recognized that if an attorney is required to litigate a fee claim, but then be denied compensation for that litigation, the attorney's effective rate for the overall service of prosecuting the statutory claim may be materially diminished.[37] If attorneys must absorb the cost of litigating the amount of a fee award in FCCPA cases, they will

---

[30] 629 So. 2d 830 (Fla. 1993).
[31] *Id.* at 833.
[32] Florida district courts of appeal have occasionally disagreed on the application and extension of the *Palma* rule. *See, e.g., Waverly at Las Olas Condo. Ass'n, Inc. v. Waverly Las Olas, LLC*, 88 So. 3d 386, 389 (Fla. 4th DCA 2012) (declining to apply *Palma* in contractual fee shifting cases); *Schneider v. Schneider*, 32 So. 3d 151, 156 (Fla. 4th DCA 2010) (declining to apply *Palma* in dissolution of marriage proceedings); *Bates v. Islamorada*, 939 So. 2d 171, 172 (Fla. 3d DCA 2006) (declining to apply *Palma* to fees awarded as sanctions).
[33] *Brook v. Chase Bank USA, N.A.,* No. 13-13538, 2014 WL 1910842, at *3 (11th Cir. May 14, 2014) (quoting *Meininger v. Chase (In re Gutshall)*, 8:10-ap-977, Doc. 52 (Bankr. M.D. Fla. July 24, 2011) (citing *Schauer v. General Motors Acceptance Corp.*, 819 So.2d 809, 811-12 (Fla. 4th DCA 2002)).
[34] *Id.*
[35] *In re Jones*, 494 B.R. 569, 574 (Bankr. M.D. Fla. 2013) (Williamson, J.).
[36] Fla. Stat. § 559.77(2) (2014).
[37] *E.g., Prandini v. National Tea Co.*, 585 F. 2d 47, 53 (3d Cir. 1978).

likely be discouraged from representing clients with valid FCCPA claims. Such a result is in direct conflict with the purpose of the FCCPA's fee-authorizing provision. Allowing reasonable fees for litigating the amount of statutory fees furthers the purpose of the FCCPA and should be permitted here.

Florida federal court decisions support this conclusion.[38] The Eleventh Circuit has observed that federal statutory fee-shifting provisions ordinarily authorize "fees-on-fees."[39] Three of the cases cited by Plaintiff involved claims under both the FCCPA and the FDCPA.[40] In each case, the decision to award fees-for-fees was based on the FDCPA claims.[41] Although the Plaintiff here has no remedy under the federal statute, the FCCPA specifically provides that "[i]n the event of any inconsistency between any provision of this part and any provisions of the [FDCPA], the provision which is more protective of the consumer or debtor shall prevail."[42] The FCCPA directs courts to give "due consideration and great weight" to federal courts' interpretation of the FDCPA when interpreting the FCCPA.[43]

In the absence of a contrary decision under only the FCCPA, the Court concludes that the FDCPA cases allowing fees-on-fees establish a plausible rationale that applies to this matter, because it furthers the purpose of the FCCPA to protect Florida consumers from proscribed practices of debt collectors. Therefore, Plaintiff may also recover reasonable fees for litigating the amount of the fee award after December 28, 2010, when the Court entered its final order resolving the FCCPA claims.

---

[38] Doc. No. 101.
[39] *Sheet Metal Workers' Intern. Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC*, 237 Fed. Appx. 543, 550 (11th Cir. 2007).
[40] Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*
[41] *See Bauer v. Midland Credit Mgmt., Inc.*, No. 8:12–CV–614–T-23TGW, 2012 WL 6733649 (M.D. Fla. Dec. 4, 2012); *Bianchi v. Bronson & Migliaccio, LLP,* No. 09–61164–CIV, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011); *Small v. Absolute Collection Serv., Inc.*, No. 4–61196–CIV, 2006 WL 6183287 (S.D. Fla. Mar. 23, 2006).
[42] Fla. Stat. § 559.552 (2014).
[43] Fla. Stat. § 559.77(5) (2014).

Taking the amount of fees requested before the parties began litigating the amount of fees, and deducting that number from the latest fee request of $89,428.00, the Court extrapolates that Plaintiff is requesting $20,772.00 ($89,428.00 - $68,656.00) for litigating fees-for-fees.[44] The Court finds, however, that the 138+ hours billed for this work is excessive. There was a substantial learning curve component and attendant duplication of attorney time. The Court will reduce the amount of hours by 25%, apply the blended rate of $148.89, as requested, and thus allow $15,499.50 (104.10 hours x $148.89) in fees-for-fees to Plaintiff's counsel.

*Conclusion*

With the adjustments described above and allowing Plaintiff's attorneys to recover fees-for-fees in this FCCPA case, the total fee award is $57,371.00 in fees ($41,872.50 + $15,499.50) plus $1,843.41 in costs to be taxed to Chase.

Accordingly, it is ORDERED that:

1.  The Plaintiff's Third Amended Motion to Award Attorneys' Fees (Doc. No. 96) is granted, in part; and

2.  Chase is directed to pay Plaintiff: (a) the sum of $38,013.50, being the award of fees herein, $57,371.00, less the allowed setoff of $19,357.50, and (b) the sum of

---

[44] It is not entirely clear from the papers how much time has been spent litigating the amount of fees. The application for fees incurred from May 10, 2009 through December 24, 2010 requests a total of $68,656.00 in fees. Approximately one year later, the Plaintiff submitted a request for fees totaling $90,376.50 for the period from May 10, 2009 to December 2012. The exhibit attached to that fee request reflects time entries of 138.8 hours spent and $20,667.00 of fees incurred after the Court's December 28, 2010 order through October 17, 2012. This reflects a blended rate of $148.89. The Plaintiff later amended the fee request to remove a "calculation error," resulting in a total request of $89,428.00 in fees incurred through January 2013. The Plaintiff did not attach invoices or time sheets to that later amended fee request.

$1,843.41 in costs.

DONE and ORDERED in Tampa, Florida, on __ January 12, 2015

_____
K. RODNEY MAY
United States Bankruptcy Judge

The Trustee V. John Brook is directed to serve a copy of this order on interested parties and file a proof of service within three days of the entry of the order.